UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

      - against -

FEI YAN,
                Defendant,

RONGXIA WU,
                Relief Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/12/18

**ORDER**

17 Civ. 5257 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

      On July 12, 2017, the Securities and Exchange Commission (the "Commission") filed a Complaint against Defendant Fei Yan and Relief Defendant Rongxia Wu. (Dkt. No. 1) The Complaint alleged that Yan committed insider trading and generated illegal profits of $120,000 between June and December 2016 "by trading stocks and options in advance of two corporate merger announcements" (id. ¶ 1): First, the acquisition of Mattress Firm Holding Corp. by Steinhoff International Holdings N.V.; and second, the acquisition of Stillwater Mining Company by Sibanye Gold Limited. (Id.) The Complaint further alleges that on June 4, 2016, "Yan submitted an application to open a brokerage account in the name of his mother Wu, a citizen and resident of China" (id. ¶ 3), and that he used the account to carry out his insider trading scheme. (See id. ¶¶ 24, 26, 27, 33, 41, 42, 44, 45, 48, 49)

      A criminal complaint was filed against Yan on July 11, 2017, and Yan was indicted on August 11, 2017. (Dkt. Nos. 1 & 6, 17 Cr. 497 (KBF)) On October 30, 2017, Yan pleaded guilty to securities fraud. (Dkt. No. 11, 17 Cr. 497) At his plea, Yan stated that "[f]rom in or about November 2016 through in or about December 2016, I executed trades in the

securities of Stillwater Mining Company on the basis of material nonpublic information that I misappropriated from my wife." (Tr. (Dkt. No. 11) at 19, 17 Cr. 497) On April 3, 2018, judgment was entered against Yan, and he was sentenced to 15 months' imprisonment. (Dkt. No. 22, 17 Cr. 497)

Before the Court is a proposed final judgment in this action, to which Yan has consented. (See Mtn., Ex. 1 (Dkt. No. 17-1) at 7-12) Under SEC v. Citigroup Global Markets, Inc., 752 F.3d 285 (2d Cir. 2014), before approving a consent judgment, this Court must find that it is "fair and reasonable" and that the "public interest would not be disserved." Id. at 294. In determining whether a consent judgment is fair and reasonable, a court must consider (1) "the basic legality of the decree"; (2) "whether the terms of the decree, including its enforcement mechanism, are clear"; (3) "whether the consent decree reflects a resolution of the actual claims in the complaint"; and (4) "whether the consent decree is tainted by improper collusion or corruption of some kind." Id. at 294-95.

Here, this Court finds that the proposed judgment is lawful, in that "it is within the Court's authority to enter the decree and within the Plaintiff's authority to enforce it." United States v. Int'l Bus. Machines Corp, 2014 WL 3057960, at *1 (S.D.N.Y. July 7, 2014) The proposed judgment would enjoin Defendant from violating Section 10(b) and Rule 10b-5, and Section 14(e) and Rule 14e-3, and seeks disgorgement in the amount of $119,428.50. (Proposed Final Judgment (Dkt. No. 17-1) at 1-4) This Court has jurisdiction to enter the proposed judgment, and the SEC has the authority to enforce these statutory provisions and rules. See, e.g., S.E.C. v. Contorinis, 743 F.3d 296, 301 (2d Cir. 2014) (in insider trading case brought by the SEC, concluding that "'[t]he district court has broad discretion not only in determining whether or not to order disgorgement but also in calculating the amount to be disgorged.'"

(quoting SEC v. First Jersey Sec., Inc., 101 F.3d 1450, 1474-75 (2d Cir.1996))). The terms of the proposed decree are also clear: the statutory provisions and rules that Defendant is enjoined from violating are referenced, and disgorgement is ordered in a specific dollar amount. The proposed judgment also resolves the claims set forth in the Complaint, and there is no evidence that the proposed judgment is the product of collusion.

As to the public interest element, the SEC is given significant deference. Citigroup, 752 F.3d at 296. Here, the proposed judgment enjoins Defendant from violating the statutory provisions and rules cited in the Complaint, and requires Defendant to disgorge his ill-gotten gains. The Court concludes that the proposed consent judgment serves the public interest.

## **CONCLUSION**

For the reasons stated above, this Court approves the proposed consent judgment.

Dated: New York, New York
July 11, 2018

SO ORDERED.

*Paul G. Gardephe*
Paul G. Gardephe
United States District Judge

3